**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:

Candace Renee Hammond-Hopkins — Case No. 23-10001-BFK

Debtor. — Chapter 13

Santander Bank, N.A., as servicer for Santander Consumer USA Inc.,

Movant,

v.

Candace Renee Hammond-Hopkins
and
Thomas P. Gorman, Trustee,

Respondents.

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter was before the court on September 17, 2026, on the motion of Santander Bank, N.A., as servicer for Santander Consumer USA Inc. for relief from the automatic stay with respect to certain personal property, to-wit: a 2016 FORD EXPLORER, VIN 1FM5K7F84GGA32114.

Upon consideration of which, it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $453.50 as they become due commencing on September 19, 2026. If payment is not received in full within 15 days after it is due, the late charge is 10% of the part of the payment that is late, with a

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
757-498-9600
sara_john@eppspc.com
Counsel for Movant

minimum charge of $5.

2. The debtor will cure the post-petition arrearage currently due to the movant through August 19, 2026, in the total amount of $2,363.00, which includes filing fees (in the amount of $199.00) and attorney's fees (in the amount of $250.00), by making the following payments:

a. $393.83 on or before October 5, 2026;
b. $393.83 on or before November 5, 2026;
c. $393.83 on or before December 5, 2026;
d. $393.83 on or before January 5, 2027;
e. $393.83 on or before February 5, 2027;
f. $393.85 on or before March 5, 2027.

3. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plan language:

a. That the debtor is in default in making at least one payment required under this order;
b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
c. The action necessary to cure the default, including any address to which payments must be mailed;
d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
    i. cure the default;
    ii. file an objection with the court stating that no default exists; or
    iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and
f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel, and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of

$100.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Alexandria, Virginia

Dated: Sep 24 2026

/s/ Brian F Kenney
United States Bankruptcy Judge

Entered On Docket: Sep 24 2026

I ask for this:

/s/ Sara A. John p.q.
Sara A. John, VSB #48425
M. Richard Epps, P.C.
Counsel for Movant

Seen and agreed:

/s/ Daniel M. Press by Sara A. John with express authority
Daniel M. Press
Counsel for Debtor

Seen:

/s/ Thomas P. Gorman by Sara A. John with express authority
Thomas P. Gorman
Chapter 13 Trustee

## CERTIFICATION

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

/s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.
Counsel for Movant

Certificate of Endorsement

The foregoing Order was endorsed by all necessary parties pursuant to Local Rule 9022-1(C).

/s/ Sara A. John
Sara A. John
M. Richard Epps, P.C.

**PARTIES TO RECEIVE COPIES**

Sara A. John
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452

Daniel M. Press
201 Washington St.
Cumberland, MD 21502

Thomas P. Gorman, Trustee
1414 Prince St., Ste. 202
Alexandria, VA 22314

Candace Renee Hammond-Hopkins
4653 Hummingbird Ln
Fairfax, VA 22033